**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0307n.06
Filed: April 21, 2005

No. 04-1154

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JIMI RAY DRAKE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant | ) | |

BEFORE: ROGERS and MERRITT, Circuit Judges; and DUPLANTIER,*
                District Judge

   **PER CURIAM:** Jimi Ray Drake was tried by a jury on a three count indictment charging

him with being a felon in possession of a firearm (Count One, 18 U.S.C. §922(g)), possession with

intent to distribute marijuana and cocaine base (Count Two, 21 U.S.C. §821(a)(1)), and possession

of a firearm in furtherance of a drug trafficking offense (Count Three, 18 U.S.C. §924(c)(1)(A)).

The jury convicted him on the first two counts and found him not guilty on Count Three.

   Applying Application Note 3 of Section 2D1.1 of the Sentencing Guidelines, the district

court added two levels to Drake's base offense level for possession of a firearm during the

commission of the drug offense, overruling defendant's objection that the jury acquittal on Count

Three precluded the weapon enhancement. Drake appealed his conviction and sentence,

contending _____

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana
sitting by designation.

that the district court abused its discretion by allowing the prosecution - over his objection - to question him regarding a prior controlled substance conviction, and that the two point sentencing enhancement violated the Sixth Amendment, requiring a remand for resentencing under *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005).

We affirm the conviction but remand for resentencing, the government having conceded that remand is necessary in light of *Booker.* We do not reach the evidentiary issue, because we conclude that the evidence of guilt was overwhelming and that any error - we do not suggest that there was any error- was harmless in any event.

After surveillance of a home located at 14931 Lannette St. in Detroit, Michigan, the Detroit Police Department obtained a warrant to search the premises. An officer then conducted additional surveillance in the area and observed defendant selling to several individuals out of a window of the home what appeared to be drugs. The officer then went to his precinct, reported his observations, and returned with the "raid team" to execute the search warrant. As police entered the residence in executing the warrant they observed Drake throw a can, later found to contain twenty- five zip-lock bags of cocaine, out of a window of the house. During the search of the residence, Drake directed officers to a footstool which contained fourteen zip-lock bags of marijuana. Police also seized a rifle found leaning against a couch in the living room.

During the trial, the parties stipulated that 20.97 grams of marijuana and 3.86 grams of cocaine base were found during the search, and that defendant had previously been convicted of a felony. At the trial defendant took the stand and testified that the drugs and gun did not belong to him, but to his landlord. He admitted knowing that the can which he tossed through the window contained cocaine base and admitted directing the police officers to the footstool containing the

2

bags of marijuana packaged for distribution. However, he denied possession of the drugs or selling drugs through the window.

During Drake's cross examination, when the prosecutor first attempted to impeach Drake's testimony by questioning him about the nature and details of his prior conviction for possession with intent to distribute marijuana, the trial judge sustained defense counsel's objection, on the ground that the prejudicial effects of the testimony would outweigh its probative value as impeachment evidence. Fed. R. Evid. 609(a). Later in the cross-examination, Drake claimed that the reason he threw the can filled with cocaine base through the window was that "I didn't know about the drug laws." When the prosecutor asked Drake "[a]nd you didn't know absolutely anything about any drug laws?," he replied, "[n]o, I didn't." Over the defense's objection, the judge then granted the prosecutor permission to question Drake about certain details concerning the prior offense, to impeach Drake's testimony that he knew nothing about drug laws. By questioning Drake the prosecutor then established that Drake had pleaded guilty to a drug offense. On further cross-examination, Drake admitted that in connection with his guilty plea he went to court, went before a judge, the judge advised him of his rights, he had a lawyer, the lawyer discussed the case with him, the lawyer told him the penalty, and the lawyer talked with him about the evidence.

At the conclusion of that line of questioning, the district judge gave a limiting instruction to the jury as follows:

> As jurors you have just heard evidence of a prior conviction that is acknowledged to have been committed by the Defendant. You should be advised that this evidence was introduced for very limited purpose, and that is to assist you in assessing the credibility of this witnesses' testimony. You are not to consider this evidence as proving that Mr. Drake is a bad person or more likely to have committed a drug offense on this occasion, only because he had committed a drug offense on an earlier occasion, that is, it is not to demonstrate his propensity to commit bad acts but only again to assist you in assessing the truthfulness of the testimony here today and

3

yesterday.

Defendant contends that the trial judge abused his discretion[1] by admitting the evidence concerning the prior drug conviction, because of the potential that the jury would convict the defendant based on the inference that he was acting in conformity with his prior misconduct and that the evidence was so prejudicial that it deprived defendant of a fair trial. As we stated earlier, we express no opinion concerning the admissibility issue; it is unnecessary to resolve this issue. The evidence that the defendant committed the crimes for which he was convicted was so compelling that, if any error occurred, it was clearly harmless. Error is harmless if "absent the improperly admitted evidence, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty." *United States v. Wolf*, 879 F.2d 1320, 1324 (6th Cir. 1989).

Defendant did not dispute that the gun seized by police was a prohibited firearm as defined in 18 U.S.C. §922(g). He concedes that the material in the can he tossed through the window was crack cocaine (21 U.S.C. §§ 812 and 841(a)(1)), and that the material stashed in the footstool was marijuana (21 U.S.C. §§812 and 841(a)(1)). Additionally, defendant did not dispute that the amount of both illegal drugs clearly proved intent to distribute. Thus the only contested fact issue was whether the drugs and the gun were in defendant's possession. If they were, defendant violated 18 U.S.C. §922(g) and 21 U.S.C. §841(a)(1) as charged in the indictment.

Based upon the following evidence, we conclude that it is beyond a reasonable doubt that absent the evidence claimed to have been improperly admitted, the jury would nonetheless have

---

[1] We review a district court's evidentiary rulings for abuse of discretion. *United States v. Sassanelli*, 118 F.3d 495, 498 (6th Cir. 1997).

4

decided that defendant was in possession of the drugs and gun and would have returned a verdict of guilty:

- a police officer who conducted the surveillance of the home prior to the execution of the search warrant and the arrest of defendant identified Drake as the individual selling what appeared to be narcotics through the window: "I observed three people walk up the driveway, on the east side window and engage in conversation with the defendant . . . and the buyers reached in their pockets and pulled out US currency in exchange for suspected narcotics from the Defendant . . .";
- after observing what appeared to be a drug transaction, the officer went to his precinct, returned to the Lannette St. house with a crew, and executed the search warrant;
- immediately after entering the residence, the surveilling officer identified defendant as the suspected drug seller;
- defendant was alone in the house at the time of the search;
- defendant knew where the cocaine base and marijuana were located;
- defendant threw the can containing the cocaine base out of a window;
- defendant directed the police officers to the marijuana in the footstool; and
- defendant admitted that he talked to a person through the window in the house on the day the police officers executed a search warrant.

For the foregoing reasons, we affirm Drake's convictions and remand the case to the district court for resentencing in light of *United States v. Booker*.

5